UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

CARLOS ALVAREZ and EVELYN
FLORES MEJIA, as the Natural Parents
of A. A-F, a MINOR,

       Plaintiffs,
v.

UNITED STATES OF AMERICA,

       Defendants.
_____/

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

       Plaintiffs, CARLOS ALVAREZ and EVELYN FLORES MEJIA, as the Natural Parents of A. A-F, a MINOR, by and through their undersigned counsel, hereby file this Complaint against the Defendant, UNITED STATES OF AMERICA, and state as follows:

### INTRODUCTION

1.    This is an action against the Defendants under the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with medical care provided to A. A-F, a Minor, by Defendant, the UNITED STATES OF AMERICA.

2.    The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for monetary damages as compensation for personal injuries caused by the Defendant's negligence.



3. Plaintiffs, CARLOS ALVAREZ (hereinafter "ALVAREZ"), as the Natural Parents of A. A-F, a MINOR, and EVELYN FLORES MEJIA (hereinafter "MEJIA"), as the Natural Parents of A. A-F, a MINOR, a MINOR, have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. ***Standard Form 95 is attached as "Exhibit A".***

4. This suit has been timely filed, in that Plaintiffs, ALVAREZ and MEJIA, timely served notice of their claim on the United States Department of Justice less than two (2) years after the incident forming the basis of this suit.

5. This suit was filed after the expiration of six (6) months from the date of filing a request for reconsideration of a final denial under 28 USC 2401(a), and therefore, Plaintiffs have completely exhausted their administrative remedies.

## PARTIES, JURISDICTION AND VENUE

6. At all times material, Plaintiffs, ALVAREZ and MEJIA, were and are residents of Palm Beach County, Florida.

7. At all times relevant to this Complaint, Defendant, UNITED STATES OF AMERICA, through its agencies, DISTRICT CLINIC HOLDINGS, INC. and HEALTH CARE DISTRICT OF PALM BEACH COUNTY, operate C.L. BRUMBACK PRIMARY CARE CLINICS, located at 2601 10th Avenue North, Suite 100, Palm Springs, Florida 33461.

8. At all times relevant to this Complaint, C.L. BRUMBACK PRIMARY CARE CLINICS, held themselves out to the Plaintiffs and to other eligible beneficiaries to be a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like A. A-F, a MINOR.

9. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, doctors, advanced registered nurse practitioners such as ELLEN P.

2

BUCHHOLZ, ARNP, subcontractors, and staff were employed by and/or acting on behalf of the C.L. BRUMBACK PRIMARY CARE CLINICS. Furthermore, C.L. BRUMBACK PRIMARY CARE CLINICS, is responsible for the negligent acts of their employees and agents under the theory of respondent superior.

10. At all times material, ELLEN P. BUCHHOLZ, ARNP, was a practicing advanced registered nurse practitioner, and was licensed under the laws of the State of Florida.

11. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

12. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts or omissions forming the basis of these claims occurred in the Southern District of Florida.

## FACTUAL ALLEGATIONS

13. On or about July 30, 2015, MEJIA took A. A-F, a MINOR, an infant who was born on July 2, 2015, to a well-baby exam at ELLEN P. BRUMBACK, ARNP.

14. At C.L. BRUMBACK PRIMARY CARE CLINICS, A. A-F, a MINOR, was examined and treated by ELLEN P. BUCHHOLZ, ARNP.

15. There was a small amount of pus being exuded at A. A-F, a MINOR's umbilicus (a/k/a "belly button") where her umbilical cord had been detached immediately after her birth.

16. ELLEN P. BUCHHOLZ, ARNP, applied silver nitrate topically to A. A-F, a MINOR's umbilicus, at which time the silver nitrate dripped from the applicator onto A. A-F, a MINOR's abdomen.

17. ELLEN, P. BUCHHOLZ, ARNP, either applied an excessive quantity of silver nitrate, used an incorrect concentration of silver nitrate, did not timely remove the excess silver nitrate from A. A-F, a MINOR's abdomen, or otherwise failed to properly administer the silver nitrate to A. A-F, a MINOR's umbilicus. ELLEN P. BUCHHOLZ, ARNP, also failed to assure that silver nitrate came

in contact only with tissue being treated: the umbilicus, failed to provide a protective barrier around the umbilicus to prevent the silver nitrate from oozing outside the confined treatment area, and failed to wash away any silver nitrate that came in contact with any skin adjacent to or surrounding the umbilicus with 0.9% saline.

18. As a result, A. A-F, a MINOR, suffered permanent injuries including chemical burns to her abdomen, and subsequent scarring, requiring significant medical care and treatment, and which will require future treatment when A. A-F, a MINOR has completed her physical growth.

19. Plaintiffs have endured significant mental and emotional distress and trauma as a result of A. A-F, a MINOR's injuries.

## CAUSES OF ACTION
## COUNT I – VICARIOUS AND ACTIVE NEGLIGENCE OF DEFENDANT, UNITED STATES OF AMERICA, FOR ACTS AND OMISSIONS OF C.L. BRUMBACK PRIMARY CARE CLINICS

20. Plaintiffs, CARLOS ALVAREZ and EVELYN FLORES MEJIA, as the Natural Parents of A. A-F, a MINOR, reallege and reincorporate the allegations in paragraphs 1 through 18 above as if set forth in full herein.

21. At all times material, C.L. BRUMBACK PRIMARY CARE CLINICS, had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that C.L. BRUMBACK PRIMARY CARE CLINICS, presented to the community at large.

22. C.L. BRUMBACK PRIMARY CARE CLINICS, breached its duty of care to A. A-F, a MINOR.

23. At all times relevant to this Complaint, C.L. BRUMBACK PRIMARY CARE CLINICS, had a duty to hire competent operators, administrators, employees, agents, doctors, advanced registered nurse practitioners such as ELLEN P. BUCHHOLZ, ARNP, subcontractors, and staff in

order to meet its standards of quality care of its patients, including A. A-F, a MINOR. C.L. BRUMBACK PRIMARY CARE CLINICS, knew, or should have known, that the medical staff of the facility was not properly qualified, trained and/or supervised, in a manner necessary to provide a level of care for A. A-F, a MINOR that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that C.L. BRUMBACK PRIMARY CARE CLINICS, presented to the community at large.

24.     C.L. BRUMBACK PRIMARY CARE CLINICS breached its duty by negligently hiring or supervising incompetent, inexperienced, and/or unqualified operators, administrators, employees, agents, doctors, advanced registered nurse practitioners such as BUCHHOLZ, subcontractors, and staff.

25.     C.L. BRUMBACK PRIMARY CARE CLINICS had a duty to hire and retain only competent and adequately trained operators, administrators, employees, agents, doctors, advanced registered nurse practitioners such as ELLEN P. BUCHHOLZ, ARNP, subcontractors, and staff in order to meet its standards of quality of care or its patients, including A. A-F, a MINOR.

26.     C.L. BRUMBACK PRIMARY CARE CLINICS breached its duty by negligently retaining incompetent, inexperienced, unqualified, and/or adequately trained operators, administrators, employees, agents, doctors, advanced registered nurse practitioners such as ELLEN P. BUCHHOLZ, ARNP, subcontractors, and staff.

27.     C.L. BRUMBACK PRIMARY CARE CLINICS was also vicariously liable under respondent superior, for the actions of its staff, including but not limited to, ELLEN P. BUCHHOLZ, ARNP.

28. C.L. BRUMBACK PRIMARY CARE CLINICS, was actively negligent in ways to be determined through discovery.

29. As a direct and proximate result of C.L. BRUMBACK PRIMARY CARE CLINICS' negligence, A. A-F, a MINOR suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and expense of hospitalization, medical, and nursing care and treatment. These losses are either permanent or continuing in nature, and A. A-F, a MINOR will suffer further losses in the future.

30. As a direct and proximate result of C.L. BRUMBACK PRIMARY CARE CLINICS' active and vicarious negligence, Plaintiffs, CARLOS ALVAREZ and EVELYN FLORES MEJIA, as the Natural Parents of A. A-F, a MINOR, suffered mental anguish, loss of capacity for the enjoyment of life, and expense of hospitalization, medical, and nursing care and treatment. These losses are either permanent or continuing in nature, and Plaintiffs will suffer further losses in the future.

31. The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida.

32. Defendant, UNITED STATES OF AMERICA, is liable pursuant to 28 U.S.C. §1346(b)(1).

## DAMAGES

As a direct and proximate result of the acts and omissions of Defendant, the UNITED STATES OF AMERICA, is liable to Plaintiffs, CARLOS ALVAREZ and EVELYN FLORES MEJIA, as the Natural Parents of A. A-F, a MINOR, for the following:

a. Bodily injuries and resulting pain and suffering;

b. Permanent disability;

c. Disfigurement;

d. Mental anguish;

  e. Loss of capacity for the enjoyment of life; and

  f. Expense of hospitalization, medical, and nursing care and treatment.

These losses are either permanent or continuing in nature and Plaintiffs will suffer these losses into the future. These damages were the direct and proximate result of the acts and omissions of Defendant, UNITED STATES OF AMERICA.

  WHEREFORE, Plaintiffs, CARLOS ALVAREZ and EVELYN FLORES MEJIA, as the Natural Parents of A. A-F, a MINOR, demand judgment for damages against Defendant, the UNITED STATES OF AMERICA, and costs and interest on liquidated sums, and Plaintiffs further demands trial by jury as to all claims triable of right by jury.

### CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that a true and correct copy of the foregoing Amended Complaint was served and E-filed to: Wendy A. Jacobus, Esq. (wendy.jacobus@usdoj.gov) 99 NE 4th Street, 3rd Floor, Miami, FL 33132 this 20th day of December, 2017.

            LAW OFFICES OF CRAIG GOLDENFARB, P.A.
            Counsel for Plaintiffs
            1800 S. Australian Avenue, Ste 400
            West Palm Beach, FL 33409
            Telephone: (561) 697-4440 / Fax: (561) 687-1950

            By: _____
              SPENCER T. KUVIN
              Fla. Bar No. 0089737
              Service@800goldlaw.com
              skuvin@800goldlaw.com
              LWeir@800goldlaw.com